OPINION
Defendant-appellant, Amy E. Mullins, appeals the judgment of the Franklin County Municipal Court denying her motions for change of venue and summary judgment, and granting a motion for summary judgment submitted by plaintiff-appellee, First Select Corporation.
On December 3, 1999, appellee filed a complaint against appellant seeking recovery of money allegedly due under a credit card "account agreement" owned by appellee. On February 11, 2000, appellant filed a motion to transfer this case to the Middletown Municipal Court in Butler County, asserting that venue is proper in Butler County rather than Franklin County. The trial court denied appellant's motion.
Subsequently, on August 16, 2000, appellee filed a motion for summary judgment, asking the trial court to order appellant to pay the claimed debt. On August 31, 2000, appellant filed a cross-motion for summary judgment, contending that appellee could not prove the alleged financial obligation. The cross-motion was accompanied with a renewed motion for change of venue. The trial court granted appellee's motion for summary judgment, but denied appellant's renewed motion for change of venue and cross-motion for summary judgment.
Appellant appeals, raising three assignments of error:
 FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN DENYING HER MOTIONS TO TRANSFER THE CASE FROM THE FRANKLIN COUNTY MUNICIPAL COURT TO THE MIDDLETOWN MUNICIPAL COURT IN ACCORDANCE WITH RULE 3 OF THE OHIO RULES OF CIVIL PROCEDURE.
 SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN GRANTING TO PLAINTIFF/APPELLEE SUMMARY JUDGMENT.
 THIRD ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN DENYING DEFENDANT/APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
In her first assignment of error, appellant contends that the trial court erred in denying her motions for change of venue. We agree with appellant's contention that she was entitled to her request for change of venue. Civ.R. 3(B) governs venue in civil actions and provides, in pertinent part:
 * * * Proper venue lies in any one or more of the following counties:
(1) The county in which the defendant resides;
* * *
 (3) A county in which the defendant conducted activity that gave rise to the claim for relief;
* * *
 (6) The county in which all or part of the claim for relief arose * * * [.]
When a party successfully demonstrates that an action has been commenced in an improper venue, the trial court is required to transfer the case to the proper venue. Civ.R. 3(C)(1).
As noted above, appellant filed two motions for change of venue, contending that venue is proper in Butler County, specifically the Middletown Municipal Court, and not Franklin County. When appellant filed her initial motion on February 11, 2000, she established her claim by submitting an affidavit attesting that she has not resided in Franklin County since 1991 and has resided in the city of Middletown, Butler County, Ohio since 1992.
When appellee responded to appellant's initial motion for change of venue, it argued that Franklin County is the proper venue for this action because:
 * * * [Appellant] entered into the Agreement when she resided in Franklin County. Additionally, she used the credit card while residing in Franklin County. Credit card statements were sent to her address in Franklin County. Therefore, [appellant] conducted the activity that gave rise to the claim in Franklin County, and Franklin County is the proper venue. * * *
However, appellee did not supplement these arguments with supporting evidence, i.e., an affidavit, a signed application, a signed credit card receipt. Appellee was required to submit the supporting evidence to properly refute appellant's claim. See Consolidated Cone v. Hoffer, Inc. (Jan. 22, 1987), Montgomery App. No. CA 9965, unreported (noting that unsupported arguments in a motion for change of venue constitute "pure speculation and conjecture"); see, also, Wolery v. City of Portsmouth, Ohio (Dec. 13, 1984), Franklin App. No. 83AP-827, unreported (examining a motion for change of venue by considering affidavits submitted to verify arguments opposing the motion); see, also, McCormac, Ohio Civil Rules Practice 2d, Section 6.18 (indicating that, because a motion for change of venue is ordinarily decided in the early stages of litigation, "it is obvious that outside materials, such as affidavits, answers to interrogatories, and depositions, must be considered in deciding the motion. Use of such material is contemplated by the Civil Rules").
Thus, when the trial court decided on appellant's initial motion for change of venue, the only evidence demonstrating proper venue was appellant's affidavit. Accordingly, the trial court erred in denying appellant's February 11, 2000 motion for change of venue. Because appellant was entitled to have her initial motion for change of venue granted, we need not address the trial court's decision to deny the renewed motion for change of venue.
We further recognize that, when appellant filed her motions for change of venue, she requested an award of the court costs and attorney fees she incurred to have this matter transferred to the proper venue. A defendant may be awarded court costs and attorney fees upon having his or her motion for change of venue granted. Civ.R. 3(C)(2); see, also, Daines v. Wilkins (May 4, 1993), Franklin App. No. 92AP-1696, unreported (recognizing a trial court's discretion to award attorney fees and court costs upon granting a defendant's motion for change of venue). This provision for costs and fees is meant "to place a curb upon the party who deliberately or heedlessly files an action in a county where venue is not proper." State ex rel. Paul v. Ohio State Racing Comm. (1989),60 Ohio App.3d 112, 120-121, quoting 1970 Staff Note to Civ.R. 3(C)(2). Moreover, the provision allows defendants to recoup the additional expenses he or she incurred because of the other party's failure to file the action in the proper forum. See Buchholz Behrman Grain Co. v. Spencer (Mar. 22, 1985), Putnam App. No. 12-83-1, unreported, citing McCormac, Civil Rules Practice, Section 2.22. Thus, under Civ.R. 3(C)(2), appellant was entitled to ask the trial court to award her the additional court costs and attorney fees that she otherwise would not have incurred had appellee filed this action in Butler County.
Accordingly, based on the above, we sustain appellant's first assignment of error.
Because of our disposition on appellant's first assignment of error, we are not required to decide on appellant's second and third assignments of error, which concern the trial court's rulings on the parties' summary judgment motions. Any decisions we make on the correctness of the rulings would not be binding on the Middletown Municipal Court. See Wolery v. Portsmouth (1990), 67 Ohio App.3d 16, 23. If the Middletown Municipal Court were to be bound by our decisions on the trial court's summary judgment rulings, the concept of venue would be vitiated and the transfer of this case to the proper venue would be rendered meaningless. Id.
In addition, we are not required to decide on the correctness of the summary judgment rulings because, for the reasons noted above, the trial court's rulings are not binding on the Middletown Municipal Court. Indeed, under the above rationale, our decision to remove this case from Franklin County has made the trial court's summary judgment rulings inconsequential and effectively void.
Therefore, we render appellant's second and third assignments of error moot. See App.R. 12(A)(1)(c); see, also, Baggaley v. Holiday Motors II, Inc. (Dec. 23, 1993), Franklin App. No. 93APE06-783, unreported (rendering moot assignments of error concerning the trial of a case after sustaining an assignment of error that challenged the trial court's decision to deny a motion for change of venue).
In summary, appellant's first assignment of error is sustained and appellant's second and third assignments of error are rendered moot. The judgment of the Franklin County Municipal Court is reversed and this cause is remanded to the trial court with instructions to transfer this case to the Middletown Municipal Court and to hold a hearing on costs and attorney fees pursuant to Civ.R. 3(C)(2).
 __________________ KENNEDY, J.
PETREE and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.